UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>    Plaintiff | CIVIL ACTION NO. _____ |
| v. | JUDGE: _____ |
| DOLGENCORP, LLC<br>DOLLAR GENERAL CORP.<br>    Defendants | MAG. JUDGE: _____ |

## COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission, and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA" or the "statute"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Deonta Ball ("Mr. Ball"), who was adversely affected by such practices. This suit is also brought to effectuate appropriate injunctive relief to others who may have been adversely affected by Defendant's discriminatory practices, and to prevent further occurrence of such practices.

**JURISDICTION AND VENUE**

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.

The unlawful employment practices alleged herein were committed within the judicial district of this Court.

**PARTIES**

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant, Dolgencorp, LLC ("Dolgencorp"), has continuously been a corporation organized under the laws of the State of Kentucky, doing business within the State of Louisiana, and has continuously had at least 15 employees. At all relevant times, Defendant, Dollar General Corporation ("DGC"), has continuously been a corporation organized under the laws of the State of Tennessee, doing business within the State of Louisiana, and has

continuously had at least 15 employees. Dolgencorp and DGC shall sometimes hereinafter be referred to collectively as "Dollar General" or "Defendant."

5.

At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.

At all relevant times, Defendants have been entities covered under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.

At least since June of 2009, Defendant has engaged in conduct in Broussard, Louisiana, which violates the ADA.

8.

More than thirty (30) days prior to the institution of this lawsuit, Mr. Ball filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9.

Mr. Ball was at all times relevant a qualified individual with a disability within the meaning of the ADA.

10.

At all times relevant to this action, Mr. Ball had Human Immunodeficiency Virus ("HIV"), bi-polar disorder, and spondylosis, which are impairments within the meaning of the ADA, and which Defendant regarded as such impairments.

11.

Mr. Ball began working for Defendant in October of 2008 as a part-time sales associate, or stocker. Defendant fired him on or about June 13, 2009 ("discharge" or "termination"). From October of 2008 to the time of the termination, Dolgencorp and DGC were Mr. Ball's "employer" within the meaning of the ADA.

12.

At the time of the discharge, Defendant regarded Mr. Ball as being disabled within the meaning of the ADA. At all times relevant, Defendant was aware of Mr. Ball's impairments which constitute actual disabilities under the ADA.

13.

Mr. Ball was, at all times relevant, able to perform the essential functions of his position with Defendant, with or without accommodation.

14.

Defendant terminated Mr. Ball's employment because of his being disabled, within the meaning of the ADA, in violation of the statute. Approximately two days before the termination, Mr. Ball informed Defendant of his spondylosis. The Defendant official who terminated Mr. Ball's employment stated in writing, "Deonta Ball was relieved of his duties on 6/13/09. Because of his failing health he can no longer keep up with the demands of this job."

15.

The practices complained of herein deprived Mr. Ball of equal employment opportunities by denying him a job because of his disability.

16.

The unlawful employment practices complained of herein were committed with malice or with reckless indifference to Mr. Ball's federally protected rights.

17.

The unlawful employment practices complained of herein were intentional.

18.

The unlawful employment practices complained of herein caused Mr. Ball to suffer economic injuries, including but not limited to lost wages, as well as nonpecuniary injuries.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to accommodate and from illegally terminating individuals who are "disabled" within the meaning of the ADA, and any other employment practice which discriminates on the basis of disability.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices. Such policies and programs may include, but are not

          limited to, training of employees concerning disability discrimination and reporting to the Commission complaints of discrimination, *vel non*.

C.     Order Defendant to make Mr. Ball whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay or reinstatement.

D.     Order Defendant to refrain from rehiring the employee who unlawfully terminated Mr. Ball's employment, to remediate the instant violation of the statute, and to render less likely such violations in the future.

E.     Order Defendant to make Mr. Ball whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.     Order Defendant to make Mr. Ball whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, and devastation, in amounts to be determined at trial.

G.     Order Defendant to pay Mr. Ball punitive damages for its malicious and reckless conduct, as described hereinabove, in amounts to be determined at trial.

H.     Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

I.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity
Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street
Houston, Texas 77002-8049
Direct Line: (713) 209-3398

- 8 -

/s/ Gregory T. Juge
**GREGORY T. JUGE (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 20890
**TANYA L. GOLDMAN**
Senior Trial Attorney
No Bar Roll Number Assigned
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street
Suite 1900
New Orleans, LA 70112
Tel: (504) 595-2878 (Main Legal #)
 (504) 595-2877 (Juge)
 (504) 595-2914 (Goldman)
Fax: (504) 595-2886 or 589-6861
Email: gregory.juge@eeoc.gov
 tanya.goldman@eeoc.gov
**COUNSEL FOR PLAINTIFF,**
**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

Dolgencorp, LLC:

    Corporation Service Company
    320 Somerulos Street
    Baton Rouge, Louisiana, 70802-6129

Dollar General Corp.

    Corporation Service Company
    2908 Poston Ave.
    Nashville, TN 37203